# Savery v. Moore.

*Statutory Real Action in the Nature of Ejectment.*

1. *Admissibility of evidence*—Where, in an action of ejectment, the defendant relied on adverse possession by himself and his father, under whom he claimed, as a defense, a letter written by his father to the plaintiff during the time covered by the claim of adverse possession, recognizing in the plaintiff an interest in or control over a lot of land, which the other evidence in the cause pointed to as the lot sued for, al-

[Savery v. Moore.]

though not described or otherwise indicated in the letter, is competent evidence for the plaintiff, as tending to show that the possession relied on was not adverse.

2. *Same.*—Where, in such case, a witness in his deposition, after testifying that during the time covered by the claim of adverse possession, he occupied a house on the lot in controversy, which he had rented from the defendant's father, further stated that he heard defendant's father say that the lot was the property of some person, whose name he did not remember, and that he, defendant's father, had authority to build the house, and then appropriate half of the rents to his own use for the trouble of building and renting; and in a subsequent part of his testimony he used this language: " I think the name of the party to whom he [defendant's father] said the lot belonged was Alfred Moore," when the plaintiff's name is Frederick B. Moore,—*held,* that the testimony was competent evidence, as tending to rebut the alleged continuity of adverse possession on the part of defendant; and that the fact that the witness improperly designated the alleged owner of the lot as Alfred Moore, went only to the identity of the party named, which was a question of fact for the jury, there being other evidence, from which the jury might justly infer a mere mistake of name or recollection in the matter.

3. *Same.*—As evidence tending to show such identity, the testimony of another witness is competent, which is to the effect that he had resided in the town in which the lot was situated a number of years, and knew of only one family by the name of Moore, who had ever resided in said town; that in this family there were several boys, one of whom was the plaintiff, and that no member of the family was named Alfred.

4. *When charge properly refused.*—A charge which ignores an important feature of the evidence in a cause, and for that reason, is misleading, is properly refused, although it may assert a correct proposition of law.

APPEAL from Talladega Circuit Court.

Tried before Hon. LEROY F. BOX.

This was a statutory real action in the nature of ejectment, brought by Frederick B. Moore against John A. Savery, to recover possession of a certain lot of land in the town of Talladega, and was commenced on 30th January, 1874. The defendant pleaded, in short by consent, (1) not guilty; (2) the statute of limitations of ten years, and (3) the statute of lim tations of twenty years; and the cause was tried on issue joined on these pleas. No documentary evidence of title was introduced on the trial by either party, both parties relying on possession, and the defendant claiming under his father, Joseph N. Savery.

The plaintiff examined as a witness one Jackson, who testified that he was in possession of the lot in controversy during the years 1859 and 1860, and "used the same as a store-house; and that he made arrangements with, and rented said lot from plaintiff in Wetumpka, Alabama, who gave witness a letter to Joseph N. Savery, defendant's father, in reference to the matter; that the letter was sealed, and witness did not know what it contained, but when he gave the letter to Joseph N. Savery in Talladega, he said it was all right, and immediately put witness in possession of the lot," where he remained about two

years, and paid rent to plaintiff; that during that time Joseph N. Savery never demanded the rents of witness, and that when he left, he turned the key over to Joseph N. Savery. The plaintiff read in evidence the deposition of one Mitchell, who testified, in substance, that during the year 1857, he was a member of a firm engaged in the carriage business in Talladega, who occupied a new building which had been built on the lot in controversy by Joseph N. Savery, from whom they rented. He further testified that he heard said Savery say that the lot was the property of some person, whose name witness did not remember, and that "he had authority to build the house, and then appropriate half of the rents to his own use for the trouble of building and renting." To this declaration by Savery the defendant objected, but his objection was overruled, and he excepted. In the witness' answer to a succeeding interrogatory, he said: "I think the name of the party to whom he [Savery] said the lot belonged, was Alfred Moore." To this answer the defendant objected, but his objection was overruled, and he excepted. The plaintiff also examined as a witness one Riley, who testified, in substance, that he had resided in Talladega a number of years, and that he knew of only one family by the name of Moore, who had ever resided in said town, that in this family there were several boys, one of whom was the plaintiff, and that no member of the family was named Alfred. To the testimony of this witness the defendant objected, but his objection was overruled and he excepted. The plaintiff also proved and read in evidence a letter bearing date, December 2d, 1866, written by Joseph N. Savery to the plaintiff, which was as follows: "Myself and your father have been trading about a lot, and I have commenced building on it, and one Thomas W. Sullivan has been kicking up lots of fuss about it. I want you not to make any arrangement about it with him. Now, as he will write you to-night, I expect, be careful how you talk to him about it. So no more." To the introduction of this letter the defendant objected on the ground, among others, that it was not shown to have any reference to the lot in controversy in this suit; but the court overruled his objection, and he excepted. The testimony of the witnesses for the defendant tended to show that the defendant and his father, Joseph N. Savery, had been in the open, adverse and continuous possession of the lot sued for since the year 1850, they, during such possession, claiming title to, and exercising acts of ownership over, said lot.

The court, at the request of the plaintiff in writing, gave three charges to the jury, the substance of which is given in the opinion. To the giving of each of these charges the defendant duly excepted. The defendant requested the court in

[Savery v. Moore.]

writing to charge the jury, in substance, that when the statute of limitations begins to run in favor of a party, it continues to run from such date; and that if they believed from the evidence that the statute commenced to run in defendant's favor in 1850, the war did not stop it, but that the period covered thereby would merely have to be deducted in making the estimate of time. This charge the court refused to give, and the defendant excepted.

A judgment was rendered in favor of the plaintiff on verdict, from which the defendant appealed; and the rulings above noted he here assigns as error.

Bowden & Knox and Bradford & Bishop, for appellant.

Parsons & Parsons, contra.

SOMERVILLE, J.—We find no error in the record. The letter from J. N. Savery, the father of defendant, written to the plaintiff, Moore, was properly admitted in evidence. In connection with the other testimony in the cause, it tended to show that the plaintiff had some sort of interest in, or control over the lot in controversy, at some time prior or up to its date, which was December 2, 1866. It was also competent to rebut the alleged continuity of adverse possession on the part of the defendant.

So likewise with the testimony of the witness Mitchell, which was clearly competent for the same purpose. The fact that he improperly designated the alleged owner of the lot as *Alfred* Moore went only to the identity of the party named, which was a question of fact for the jury. There was other evidence from which the jury might justly infer a mere mistake of name or recollection in the matter. The testimony of the witness Riley was also pertinent to establish this identity, alleging that there was but one family by the name of Moore resident in the community about that time, which was the family of plaintiff's father.

Mitchell's assertion embodying the expression, "I *think* the name of the party, to whom he [Savery] said the lot belonged, was Alfred Moore," was not the averment of a mere opinion. It was manifestly intended as an averment of his best recollection, especially when taken in connection with the antecedent declaration disclaiming any positive recollection about the matter. It is often so used in common parlance.

The several charges given by the court were free from error. They merely asserted in effect the well settled principles, that the possession of the tenant is that of the landlord, and that every tenant is estopped from denying his landlord's title, until

[Robinson v. Pebworth.]

he first yields possession of the rented premises; and that the statute of limitations would not commence to run, under the facts of this case, until there was an adverse possession on the defendant's part, asserted openly, notoriously and continuously. There was evidence from which the jury could have inferred the relation of landlord and tenant, and the charges were otherwise supported by the evidence.

The charge requested by the defendant may have asserted a correct proposition of law, but it was properly refused, because it ignored one important feature of the testimony in the cause, and was for this reason misleading. It excluded from the consideration of the jury, entirely, the testimony of the witness Mitchell and others, tending to show a tenancy on the part of Savery, and a recognition by him of a title in the plaintiff.

Affirmed.